**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4421**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

      versus

KEVIN DALE BOBBITT,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-04-51-BO)

———————

Submitted: November 30, 2005      Decided: December 27, 2005

———————

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Sherri Royall Alspaugh, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kevin Dale Bobbitt was convicted of possession of a firearm by a convicted felon. He was sentenced to 120 months imprisonment. Bobbitt appeals, challenging the district court's ruling refusing to allow Bobbitt and his wife to testify about a statement made to them by Allen Willis concerning the firearm. We affirm the district court's ruling and therefore affirm Bobbitt's conviction.

Prior to his arrest, Bobbitt was seen wearing a certain jacket. When arrested, Bobbitt had just exited a vehicle and was not wearing a jacket. However, a jacket matching the description of the one he wore earlier was on the seat Bobbitt vacated when he exited the vehicle. A firearm was found in a pocket of that jacket.

During his trial on the charge of unlawful possession of the firearm, Bobbitt sought to introduce a statement made to him and his wife by Allen Willis, Bobbitt's close friend. Bobbitt and his wife sought to testify that Willis said that the police found his gun in his jacket, presumably claiming ownership of the firearm with which Bobbitt was charged. The district court determined that this was inadmissible hearsay and disallowed the testimony. We have reviewed the parties' briefs, the joint appendix, and the district court's order. We conclude the district court did not abuse its discretion in refusing to admit the proffered evidence.

- 2 -

See <u>United States v. Lowe</u>, 65 F.3d 1137, 1145 (4th Cir. 1995);
<u>United States v. Bumpass</u>, 60 F.3d 1099, 1102 (4th Cir. 1995).

Accordingly, we affirm Bobbitt's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>